

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. A. McElrath
County Auditor
Cooke County
Gainesville, Texas

Dear Sir:

Opinion No. O-4971
Re: Is Cooke County governed by
Senate Bill No. 5, Chapter
465, Section 13A p. 1770 in
respect to the employment and
payment of a stenographer or
assistant to the county judge?

Your letter of November 5, 1942, requesting the
opinion of this department on the above stated question reads
as follows:

"Cooke County, according to the last federal
census had a population of 24909 and an assessed
valuation of $20,089,410.

"Chapter 465, General and Special Laws of
Texas, Second Called Session, 1935, passed S. B.
No. 5, prescribing compensation of district, coun-
ty and precinct officers.

"On page 1770 Section 13 A, of the laws passed
at this session we find the following: 'The Com-
missioners' Court may authorize the employment of
a stenographer by the county judge and pay for such
services out of the general fund of the county to
an amount not to exceed Twelve Hundred ($1200.00)
Dollars per year.'

"Some question has arisen as to whether in a
county of the population and assessed valuation of
Cooke County the above quoted section of the law
governs in the employment and payment of a stenogra-
pher or assistant to the county judge, or does sec-
tion 14, Article 3902 apply.

"On account of this question your opinion
is desired as to which of these laws govern in
the employment of a stenographer or assistant to
the county judge of Cooke County. . . ."

Paragraph a, Section 13, Article 3912e, Vernon's
Annotated Civil Statutes provides:

"The Commissioners' Court may authorize the
employment of a stenographer by the county judge
and pay for such services out of the general fund
of the county to an amount not to exceed Twelve
Hundred ($1200) Dollars per year."

The foregoing provision of Section 13, Article 3912e
is applicable to all counties having a population of 20,000
inhabitants or more, and less than 190,000 inhabitants accord-
ing to the last preceding Federal Census. According to the
last Federal Census Cooke County had a population of 24,909
inhabitants, therefore, said provision of the statute as quot-
ed above is applicable to Cooke County.

You refer to Section 14, Article 3902, Vernon's An-
notated Civil Statutes. Apparently "Section 14" is a typo-
graphical error as we have been unable to find any such sec-
tion in Article 3902. Article 3902 is a general statute au-
thorizing the appointment of deputies, assistants, or clerks
by "any district, county or precinct officer". Section 1 of
Article 3902 provides:

"In counties having a population of Twenty-
five Thousand (25,000) or less inhabitants, first
assistant or chief deputy not to exceed Eighteen
Hundred ($1800) Dollars per annum; other assistants,
deputies or clerks not to exceed Fifteen Hundred
($1500) Dollars per annum each."

The above quoted provision would control as to the
compensation of deputies, assistants or clerks who can be le-
gally appointed under Article 3902 in counties having a popu-
lation of less than 25,000 inhabitants. As Cooke County has
a population of less than 25,000 inhabitants according to the
last Federal Census said provision would be applicable to Cooke
County with reference to those deputies, assistants or clerks
who are legally appointed by virtue of Article 3902. However,

Honorable R. A. McElreth, Page 3

said statute does not authorize the appointment of a stenographer for the county judge. In support of this statement we direct your attention to our opinions Nos. O-252 and O-1449, copies of which are enclosed for your convenience.

Therefore, in view of what is said in the above mentioned opinions and the above cited statutes you are advised that it is our opinion that the provisions of Article 3912e (paragraph a) would control and the payment of a stenographer for the county judge would be governed by the same. You are further advised that Article 3902, has no application to the question under consideration.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:mp
Encl.

APPROVED NOV 20, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN